UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew J. Mabe,

      Petitioner,

      v.                                                  Civil Action No. 1:14-cv-12

Commissioner of the Vermont
Department of Corrections,
The State of Vermont,

      Respondents.

## REPORT AND RECOMMENDATION
(Doc. 7)

Petitioner Matthew J. Mabe, proceeding *pro se*, is a Vermont state prisoner seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254. (*See* Doc. 4.) In January 2012 he pleaded *nolo contendere* to a count of driving under the influence (DUI) #3 in violation of 23 V.S.A. § 1201(a)(2), and pleaded guilty to a count of driving with a suspended license (DLS) in violation of 23 V.S.A. § 674(b).[1] After a contested sentencing hearing on April 26, 2012 before the Vermont Superior Court, Windsor Criminal Division, he was sentenced to four to five years to serve on the DUI count, and zero to two years to serve on the DLS count, consecutive to the DUI term. On

---

[1] The criminal case is docketed *State v. Mabe*, No. 1527-11-10 Wrcr.

May 7, 2013 Mabe filed a petition for post-conviction relief (PCR) pursuant to 13 V.S.A. § 7131 in the Vermont Superior Court, Windsor Civil Division.[2]

In his habeas Petition—filed in this Court on January 27, 2014—Mabe asserts that: (1) he was denied effective assistance of counsel in the criminal proceedings; (2) his sentence violates his constitutional rights; and (3) he is being denied a speedy hearing in the PCR case. (Doc. 4 at 1.) For relief, Mabe seeks his release and, among other things, to receive court-appointed counsel.

Respondents have filed a Motion to Dismiss (Doc. 7), arguing that Mabe has failed to exhaust available state remedies. Mabe has not filed any opposition. For the reasons that follow, I recommend that Respondents' Motion to Dismiss (Doc. 7) be DENIED, and that this action instead be STAYED conditioned on Mabe's pursuing state court remedies within 30 days, and his return to this Court within 30 days after exhausting those remedies. I further recommend that the Court, on its own motion, DISMISS with prejudice Mabe's claim insofar as it alleges defects in the PCR proceeding.

## Background

The following additional facts are pertinent to the issues discussed below. In his PCR Petition in Vermont Superior Court, Mabe argued that his criminal sentence was imposed in violation of law because he received ineffective assistance of counsel, and because his sentence is disproportionate under the Eighth Amendment. (*See* Doc. 4 at 2–

---

[2] The PCR case is docketed *Mabe v. Vermont Department of Corrections*, No. 299-5-13 Wrcv.

2

15.)[3]  According to Respondents, the PCR case has not yet been resolved, and it involves the same issues as the claims that Mabe is making in this habeas case.  (Doc. 7 at 2, 3.)

In fact, my review of the updated docket sheet in the PCR case indicates that it has been resolved.[4]  As of this writing, the docket sheet in the PCR case indicates that the case was dismissed without prejudice on March 5, 2014.  *See* "Vermont Courts Online," https://secure.vermont.gov/vtcdas/user (last visited Apr. 17, 2014) (registration required) (search for Docket Number "299-5-13 Wrcv").

In this habeas case, Mabe is seeking to litigate the ineffective-assistance-of-counsel and Eighth Amendment claims that were at issue in the PCR case.  It also appears, however, that Mabe is asserting constitutional defects with the PCR proceedings themselves.  In his Petition, Mabe asserts that he has not received "a speedy hearing on the matters I previously filed in Vermont Superior Court, Civil Division," (Doc. 4 at 1.) According to Mabe:

> [T]he Vermont Superior Court, Windsor Civil Division, and [the] Windsor State's Attorney's Office are now failing to take my complain[t] seriously. Not to mention that [PCR counsel] Mark Furlan Esq. is in no position to provide me with the vigorous representation that the Vermont Defender General's Office likes to claim that they provide.

(*Id.* at 14.)

---

[3]  Mabe has not supplied the Court with a copy of his PCR pleading.  Instead, he includes in his Petition what he asserts is a reproduction of what he filed in the PCR court.  (*See* Doc. 4 at 2.) Respondents have supplied what appears to be a copy of Mabe's PCR Petition, which is indeed substantially similar to Mabe's statements in his habeas Petition.  (*See* Doc. 7-1 at 8–14.)

[4]  Respondents attached a copy of the docket sheet in the PCR case as an exhibit to their Motion to Dismiss.  (*See* Doc. 7-1 at 1–4.)  That document, however, does not include any entries later than February 28, 2014.  (*See id.* at 4.)  The Court may take judicial notice of the latest docket sheet in the PCR action because it is a public record and because Mabe's Petition incorporates documents from that case.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

**Analysis**

I.  **Mabe's Claim Attacking the PCR Proceedings is Not Cognizable**

Regarding Mabe's claims that the state PCR proceedings are themselves constitutionally defective, those claims might not be exhausted, but they should be dismissed on the Court's own motion.[5] Mabe's dissatisfaction with PCR counsel is not a basis for habeas relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Mabe also alleges other errors in the PCR proceedings, faulting the Superior Court and the Windsor State's Attorney's Office for "failing to take my complain[t] seriously." (Doc. 4 at 14.) However, the Second Circuit has held that "alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief." *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (per curiam). Mabe has therefore failed to state a § 2254 claim with respect to the alleged defects in the PCR proceedings, and his claims based on those alleged defects should be DISMISSED with prejudice.

II. **Exhaustion**

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') provides that a state prisoner may seek habeas corpus relief in federal court 'on the ground that he is in custody in violation of the Constitution . . . of the United States.'" *Carvajal v. Artus*,

---

[5] Although Respondents' Motion to Dismiss is limited to the issue of exhaustion, the Second Circuit has recognized that "[t]he district court has the power to dismiss a complaint sua sponte for failure to state a claim." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).

4

633 F.3d 95, 104 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)).  AEDPA requires that, prior to bringing a petition for habeas corpus in federal court, a petitioner must generally exhaust the remedies available to him in state court.  28 U.S.C. § 2254(b)(1)(A); *Jones v. Murphy*, 694 F.3d 225, 246–47 (2d Cir. 2012).  "[E]xhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Carvajal*, 633 F.3d at 104 (internal quotations and alterations omitted).

      Here, since the PCR court dismissed Mabe's ineffective-assistance-of-counsel and Eighth Amendment claims without prejudice, those claims can be raised in a new PCR proceeding in state court.[6]  Mabe has therefore not given the State of Vermont the opportunity to pass upon and correct the violations alleged in the PCR Petition (and realleged in this habeas case).  *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Joseph v. Maass*, No. 88-3765, 1989 WL 115992, at *4 (9th Cir. Sept. 25, 1989) ("Because the [PCR] court dismissed the petition without prejudice and because post-conviction relief remains available . . ., [petitioner] has an available state remedy which he has failed to exhaust.").

      Although Mabe has not exhausted his state court remedies, it is necessary to examine the exceptions to the exhaustion requirement.  Exhaustion is not required if

---

[6] A renewed PCR Petition in the Vermont Superior Court would not be time-barred because a PCR petition may be filed "at any time," 13 V.S.A. § 7131, and even the doctrine of laches does not apply to such a petition.  *See In re Stewart*, 140 Vt. 351, 360–61, 438 A.2d 1106, 1110 (1981).

5

"there is an absence of available State corrective process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Respondents argue that neither of those exceptions applies. The first exception can be readily disposed of: Vermont's PCR process remains available to Mabe, since his earlier PCR case was dismissed without prejudice and since there is no time bar to reinstituting such a case.

As to whether the state PCR process is ineffective, a strong showing is necessary: the corrective process must be "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S.1, 3 (1981). "Deficient or ineffective state process may be evidenced by '[i]nordinate delay in concluding [] post-judgment criminal proceedings,' and such delay 'may preclude a state from relying on the exhaustion requirement to defeat Federal review.'" *Mumley v. Hofmann*, No. 2:06-CV-145, 2007 WL 321403, at *2 (D. Vt. Jan. 30, 2007) (quoting *Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976)). Here, Mabe alleges that his PCR case was insufficiently "speedy." (Doc. 4 at 1.) But the alleged delays that occurred between May 7, 2013 (when he filed his PCR Petition) and March 5, 2014 (when the PCR Petition was dismissed) are not inordinate. *See Mumley*, 2007 WL 321403, at *2–*3 (noting that delays of more than five years had been held to be "inordinate," but concluding that PCR proceedings lasting about two and a half years were not). Moreover, Mabe's dissatisfaction with PCR counsel, and his conclusory contention that the PCR court and the State's Attorney's Office have failed to take his petition seriously, are also insufficient to demonstrate a "clearly deficient" process.

6

**III.    Effect of Mabe's Failure to Exhaust**

Despite the above conclusions, the Court should decline to dismiss Mabe's habeas Petition.  Respondents assert that dismissal of the Petition without prejudice would not preclude Mabe from refiling a federal habeas petition after the conclusion of state PCR proceedings.  (Doc. 7 at 4.)  For the reasons below, that is incorrect.

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).[7]  Here, since Mabe filed no appeal from his conviction, his sentence became final 30 days after the April 26, 2012 sentencing.  *See* V.R.A.P. 4(a)(1).  AEDPA's one-year limitations period began running at that point, and continued running until Mabe filed his PCR Petition on May 7, 2013. That filing tolled the running of the statute of limitations.  28 U.S.C. § 2244(d)(2). However, the limitations period began running again when the PCR case was dismissed on March 5, 2014, and there is no indication that Mabe has commenced a new PCR case. The one-year period has therefore now elapsed; any new federal habeas filing arising from these circumstances would now be time-barred.

The Second Circuit has held that if dismissal would "jeopardize the timeliness of a collateral attack," the district court should stay the petition rather than dismiss it.  *Zarvela*

---

[7] There are several other potential times that might constitute the commencement of the one-year period, *see id.* § 2244(d)(1)(B), (C), and (D), but none of them applies here.

*v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (internal quotation marks and citation omitted). Here, similar to *Zarvela*, outright dismissal is not appropriate because the statutory one-year limitations period has now elapsed. Accordingly, Respondents' request for dismissal without prejudice should be denied. The Court should instead stay this case.

The Second Circuit has instructed that, when a court elects to stay a habeas petition, "it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Zarvela*, 254 F.3d at 381. The Court should impose those 30-day conditions upon the stay in this case. If Mabe fails to commence a new PCR proceeding within 30 days of the Court's ruling on this Report and Recommendation, or if he fails to return to this Court within 30 days after exhausting his state court remedies, the Court should vacate the stay *nunc pro tunc* and dismiss the Petition. *See id.* Mabe should be cautioned that **failure to comply with either 30-day time limit may bar his right to pursue federal habeas relief.** In light of the conclusions above, it is unnecessary at present to address Mabe's request for the appointment of counsel.

## Conclusion

For the reasons set forth above, I recommend that Respondents' Motion to Dismiss (Doc. 7) be DENIED, and that this action be STAYED conditioned on Mabe's pursuing state court remedies within 30 days, and his return to this Court within 30 days after exhausting those remedies. I further recommend that the Court, on its own motion,

DISMISS with prejudice Mabe's claim insofar as it alleges defects in the PCR proceedings.

Dated at Burlington, in the District of Vermont, this 22nd day of April, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).